UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>v.<br><br>**EDUARDO CRUZ-RIVERA,**<br>**Defendant.** | Criminal No. 16-672 (GAG) |

**GOVERNMENT'S OPPOSITION TO MOTION TO SUPPRESS (Dkt. No. 39)**

The United States of America, through its undersigned counsel, respectfully submits the following:

Defendant Eduardo Cruz-Rivera has moved to suppress statements that he made to federal agents during his custodial interview, prior to his signing of a *Miranda* waiver.[1] (Dkt. No. 39 at pp. 6-7)  According to defendant, the interview started at 6:58 PM, and he signed his written waiver at 7 PM.  *Id*.  Defendant does not identify any incriminating statements that he made during this two-minute interval; and the Government is aware of none.  The Government is not seeking to introduce any statements that defendant made during this two-minute interval, with the possible exception of responses to routine booking questions (*e.g,*. the interviewee identifying himself).

It is standard practice for agents—at the outset of an interview—to introduce themselves, obtain basic biographical information from a suspect (*e.g.,* name), and to present the written *Miranda* warnings to the suspect.  In defendant Cruz-Rivera's case, this preliminary conversation

---

[1] Defendant also moved to suppress evidence based on the observations of the police and purported issues regarding the lab report.  The Court rejected these arguments and instructed the Government to respond only to the suppression of defendant's statements.  (Dkt. No. 40)

lasted approximately two minutes.  Defendant does not suggest that anything other than a routine preliminary conversation and introduction of the *Miranda* form occurred during this two-minute interval.[2]

To the extent that defendant seeks to suppress his responses to routine booking questions, that request is baseless.  There is no need for agents to read *Miranda* warnings to a suspect prior to this preliminary conversation.  The Supreme Court has recognized a "routine booking question" exception that exempts from *Miranda*'s coverage questions designed to secure the biographical data necessary to complete booking or pretrial services.  *Pennsylvania v. Muniz*, 496 U.S. 582, 601–02 (1990).  Examples are questions regarding a suspect's name, address, height, weight, eye color, date of birth, and current age.  *Id*.

Under the Supreme Court's reasoning in *Muniz*, the Court should not suppress any responses made by defendant Cruz-Rivera in response to routine booking questions.  Since there are no other statements at issue during this two-minute time frame, the Court should deny defendant's motion.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 9th day of August 2017.

ROSA EMILIA RODRIGUEZ VELEZ
UNITED STATES ATTORNEY

*s/ Jonathan Gottfried*
Jonathan Gottfried, U.S.D.C.-PR G02510
Assistant United States Attorney
United States Attorney's Office
Torre Chardon, Suite 1201
350 Carlos Chardon Ave.
San Juan, PR 00918

---

[2] To suggest otherwise would be absurd.  It is impossible that, *within two minutes*, agents could introduce themselves, ask multiple questions regarding drugs and guns, obtain defendant's answers that are reflected in a detailed page of the agent's notes, and present the written *Miranda* warnings to the defendant.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*s/ Jonathan Gottfried*
**Jonathan Gottfried**
Assistant United States Attorney